**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

———————————————————————— :
:
WARREN R. KRAFT,                               :
:
        Plaintiff,                       :
:    Case No. 3:17-cv-13765(BRM)(DEA)
        v.                              :
:
PHELAN HALLINAN DIAMOND &amp;                      :        **OPINION**
JONES, PC, et al.,                             :
:
        Defendants.                     :
———————————————————————— :

**MARTINOTTI, DISTRICT JUDGE**

       Before this Court is an appeal by Plaintiff Warren R. Kraft ("Kraft") of Magistrate Judge Douglas E. Arpert's January 6, 2020 Order (the "January 6, 2020 Order") denying Kraft's Motion under Federal Rule of Civil Procedure 4(d)(2) requiring the Defendants Hallinan Diamond Jones, PC, Lawrence T. Phelan, Francis Hallinan, and Rosemarie Diamond (collectively, "Defendants") to pay the fees associated with Kraft's process server delivering to Defendants the Summons and Complaint. (ECF No. 51). Having reviewed the papers submitted by Kraft and having declined to hold oral argument pursuant to Fed. R. Civ. P. 78(b), for the reasons set forth below and for good cause shown, Kraft's appeal is **DENIED** and the January 6, 2020 Order is **AFFIRMED**.

## I.   BACKGROUND

On December 28, 2017, Kraft filed his complaint. (ECF No. 1.) Ninety days later,[1] Kraft provided Defendants with notice of the lawsuit on or about March 28, 2018. (ECF No. 7.) The record contains a copy of an email to Kraft dated March 28, 2018, from the General Counsel for Defendants asking Kraft to "[k]indly provide the Waiver of Service forms." (ECF No. 32-3 at 14.) Kraft did so by email on April 21, 2018. (*Id.* at 16.)

On April 25, 2018, Defendants' counsel emailed Kraft to advise him he had not complied with Rule 4(d) concerning waivers of service but that Defendants' counsel would extend Kraft "the courtesy of returning executed waivers." (*Id.* at 17.) Kraft responded and asked that the waivers be returned by "overnight/express courier." (*Id.*) On May 4, 2018, Defendants' counsel advised that he had not received prepaid return envelopes for express delivery, and that he would return the waivers by regular mail unless he heard otherwise from Kraft. (*Id.* at 19.) Kraft ultimately provided counsel with a shipping label on May 7, 2018. (*Id.* at 20.)

While these communications were taking place, on April 26, 2018, this Court issued a Notice of Call for Dismissal pursuant to Rule 4(m) based on Kraft's failure to effect timely service. (ECF No. 4.) *See* note 1 *supra.* On May 7, 2018, having received no response to the Notice, the Court entered an Order dismissing the Complaint. (ECF No. 5.) However, on May 23, 2018, this Order was vacated based on Kraft's representation that he was in the process of obtaining waivers from Defendants, and Kraft was given an additional 45 days—until July 9, 2018—to effect service on Defendants. (ECF No. 9.)

---

[1] Pursuant to Federal Rule of Civil Procedure 4(m), Kraft had until March 28, 2018 to effect service. Fed R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.")

On June 20, 2018, Kraft advised Defendants' counsel that he had still not received any completed Waiver of Service forms and asked if Defendants would be providing the same. (ECF No. 32-3 at 104.) Counsel answered in the negative. In an email to Kraft, counsel stated that while the newly reopened case "affords [Kraft] a new opportunity to properly serve [Defendants] . . . whatever [Kraft] attempted, but failed, to accomplish before the case was reopened is in all events a nullity." (*Id*. at 106.) On July 11, 2018, Kraft again provided the Summons, Complaint and Waiver of Service forms to Defendant's counsel. (*Id*. at 108-111.) Shortly thereafter, on July 13, 2018, Kraft requested new summons be issued to Defendants. (ECF No. 12.) The executed waiver forms were never returned to Kraft.

On December 13, 2018, this Court again issued a Notice of Call for Dismissal based upon Plaintiff's apparent failure to timely serve Defendants. (ECF No. 14.) On December 17, 2018, Plaintiff again requested summons for Defendants (ECF No. 15) and on December 19, 2018, Plaintiff's process server delivered the Summons and Complaint to Defendants. (ECF No. 16.) Thereafter, on January 16, 2019, Defendants moved to dismiss the Complaint pursuant to Rule 12(b)(5) (alleging failure to timely serve), and 12(b)(6) and 12(b)(1) (alleging lack of standing under Fair Debt Collection Practices Act). (ECF No. 23.) On July 30, 2019, this Court granted the Motion to Dismiss on both grounds. (ECF No. 41.)

On August 12, 2019, Plaintiff filed a Motion for Reconsideration. (ECF No. 42.) On September 3, 2019, this Court denied the Motion. (ECF No. 44.) Thereafter, on October 3, 2019, Kraft filed a Motion for Expenses Incurred to seek reimbursement of the cost of the process server. (ECF Nos. 45-46.) On January 6, 2020, Judge Arpert issued an Order denying Kraft's Motion. (ECF No. 50.) On January 21, 2020, Kraft filed this appeal of the January 6, 2020 Order. (ECF No. 51.) On January 28, 2020, Defendants filed a Memorandum in Opposition to Kraft's appeal.

(ECF No. 53.) On February 20, 2020, Kraft filed a Reply to Defendants' Opposition. (ECF No. 58.)

## II.   LEGAL STANDARD

With respect to a district judge's review of a magistrate judge's decision, Federal Rule of Civil Procedure 72(a) states: "The district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id*. Similarly, this Court's Local Rules provide that "[a]ny party may appeal from a Magistrate Judge's determination of a non-dispositive matter within 14 days," and the District Court "shall consider the appeal and/or cross-appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." L.Civ.R. 72.1(c)(1)(A).

A district judge may reverse a magistrate judge's discovery order if the order is shown to be "clearly erroneous or contrary to law" on the record before the magistrate judge. 28 U.S.C. 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [properly referred to the magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Fed. R. Civ. P. 72(a); L.Civ.R. 72.1(c)(1)(A); *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 93 (3d Cir. 1992) (describing the district court as having a "clearly erroneous review function," permitted only to review the record that was before the magistrate judge). The burden of showing that a ruling is "clearly erroneous or contrary to law rests with the party filing the appeal." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A district judge may find a magistrate judge's decision "clearly erroneous" when it is "left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *accord Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). However,

"[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). The magistrate judge's ruling is "contrary to law" if it misinterpreted or misapplied applicable law. *Kounelis*, 529 F. Supp. 2d at 518; *Gunter*, 32 F. Supp. 2d at 164.

### III.   DECISION

On appeal, Kraft contends his Motion requiring Defendants to pay service fees should never have been denied because "Fed R. Civ. P. 4(d)(1) was misapplied in clear error." (ECF No. 51 at 1.) Specifically, he argues "Defendants' actions in violation of the [sic] Rule 4(d) causing Plaintiff to later make service outside of the time to effect service, when waiver forms were provided within the initial period to effect service, is contrary to Rule 4 which states this court 'must impose' expenses on these defendants." (*Id.*) Nevertheless, Judge Arpert found Plaintiff's Motion for Expenses Incurred to be untimely. (ECF No. 50 at 4.)

When a request for a waiver is made, a defendant has a duty to waive service. *See* Fed. R. Civ. P. 4(d). Rule 4(d) affirmatively imposes the "duty to avoid unnecessary expenses of serving the summons" upon the defendant. Fed. R. Civ. P. 4(d)(1). If a defendant "fails, without good cause, to sign and return [the] waiver" requested by plaintiff within a reasonable time, the court "must impose on [defendant]": (a) the "expenses later incurred in making service"; and (b) the "reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." *See* Fed. R. Civ. P. 4(d). Kraft's process server did not deliver the Summons and Complaint until mid-December 2018, which was well past the deadline of July 9, 2018 to effect service. (ECF No. 16.) As such, Kraft has failed to demonstrate Judge Arpert's denial of his Motion for Expenses Incurred was "clearly erroneous or contrary to law." L.Civ.R. 72.1(c)(1)(A).

Indeed, Kraft has failed to articulate any reason or demonstrate how the January 6, 2020 Order was clearly erroneous or that his decision was contrary to law. The burden of showing that a ruling is "clearly erroneous or contrary to law rests with the party filing the appeal." *Marks*, 347 F. Supp. 2d at 149. Kraft has not met this burden. Because Kraft has not established that Judge Arpert clearly erred in denying his Motion for Expenses Incurred, Kraft's Appeal is **DENIED.**

IV.    CONCLUSION

For the reasons set forth above, Kraft's appeal is **DENIED** and the January 6, 2020 Order is **AFFIRMED**. An appropriate order will follow.


**Date**: **June 29, 2020**                     */s/ Brian R. Martinotti*
                                             **HON. BRIAN R. MARTINOTTI**
                                             **UNITED STATES DISTRICT JUDGE**